***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 23, 2022, affirmed February 1, petition for review denied May 18, 2023 (371 Or 106)

ROGER EMIR GASTELUM-MEDINA,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV15132; A175566

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief following convictions for murder with a firearm and unlawful use of a weapon after a jury trial, felon in possession of a firearm after a bench trial, and unlawful delivery of methamphetamine to a minor following a guilty plea. Petitioner alleged that trial counsel rendered inadequate assistance under Article I, section 11, of the Oregon Constitution, and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, and, on appeal, raises two assignments of error challenging the post-conviction court's rejection of that claim. We affirm.

First, petitioner contends that the trial court erred in granting the state's motion for summary judgment as to his claim that trial counsel was inadequate for failing to call a witness who could have testified that petitioner stated that the shooting was accidental and was done in circumstances supporting a self-defense claim. However, petitioner failed to present admissible nonhearsay testimony from that witness that would have made a difference in the outcome of his trial. *See Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) ("To demonstrate prejudice, a petitioner must show that counsel's failure had a tendency to affect the result of his trial." (Internal quotation marks omitted.)); *Brenner v. Nooth*, 283 Or App 868, 877, 391 P3d 947, *rev den*, 361 Or 671 (2017) ("[T]o show that he was prejudiced by his trial counsel's failure to procure evidence, petitioner had to proffer evidence at the post-conviction trial that would have been admissible at his criminal trial * * *.").

Second, petitioner contends that trial counsel was ineffective in failing to ensure that his guilty plea to the unlawful delivery of methamphetamine to a minor charge was knowing and voluntary. Specifically, petitioner contends that, during the plea hearing, trial counsel failed to clarify that the court's statement that the plea entailed a waiver of petitioner's right to a "direct appeal on [his] trial" included pretrial matters. The post-conviction court rejected this claim, because it found that petitioner was advised and understood that he was waiving his right to

appeal his convictions, meaning that trial counsel was not deficient in failing to provide further clarification in the middle of the plea hearing. Because that factual finding is supported by evidence in the record, it is binding on us. *See Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) ("A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them.").

Affirmed.